UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2009 FEB 12  P 4: 55

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| CORPORATE REIMBURSEMENT SERVICES, INC, <br><br> *Plaintiff,* <br><br> v. <br><br> GENESIS HEALTHCARE CORPORATION, <br><br> *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket No. 09:___cv_____ (___) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, Corporate Reimbursement Services, Inc. ("CRS"), hereby asserts its claims for breach of contract and breach of the implied covenant of good faith and fair dealing against defendant Genesis HealthCare Corporation ("Genesis) as follows:

### PARTIES AND JURISDICTION

1. CRS is a Massachusetts corporation with a principal place of business in Newton, Massachusetts.

2. Genesis is a Delaware corporation with a principal place of business in Kennett Square, Pennsylvania.

3. CRS and Genesis entered into a contract for services by CRS, which Genesis breached.

4. The amount in controversy herein is $117,740.00.

5. Genesis does business in 13 eastern states, including Massachusetts.

## **FACTUAL ALLEGATIONS**

6.  CRS provides reimbursement consulting and administrative services for companies with mobile employees including, but not limited to, setting up and arranging for tax free reimbursement for employees under an Internal Revenue Service ("IRS") guideline commonly known as "FAVR" or, Fixed and Variable Reimbursement.

7.  FAVR requires a highly individualized assessment of each employee's business driving; e.g., the geographic region where the employee drives, localized insurance costs, localized registration fees, localized maintenance estimates, and fluctuating gas prices (among other things). Some of these items are "fixed" (e.g., insurance) and some are "variable" (e.g., gas).

8.  The advantage for employers using FAVR is that they will generally have a lower cost of reimbursing employees, in that the localized numbers will generally be below a fixed flat rate per month paid by companies, or fixed IRS rate of reimbursement (e.g., 40-50 cents per mile). The general advantage for employees is that, with the individualized assessment of their exact costs under a methodology approved by the IRS, employees can take the entire reimbursement tax-free.

9.  On April 24-25, 2008, Genesis contracted with CRS for its services, and Genesis signed a contract to purchase such services. A true and correct copy of the contract is attached hereto at Tab A.

10. Pursuant to the provision "Fees for Service," the parties agreed:

> The annual fee for the above listed services is $290.00 per driver, and will remain fixed for 3 years. CRS will invoice Genesis Healthcare for this fee upon making available the Initial Reimbursement Schedules. All invoices are due upon receipt.

(See Tab A at 3).

11. CRS did make available to Genesis the Initial Reimbursement Schedules.

12. The Initial Reimbursement Schedules contained all of the individualized numbers for Genesis' employees. A summary spreadsheet is attached hereto at Tab B.

13. CRS invoices upon sending the Initial Reimbursement Schedules because preparing the individualized numbers for a client's employees is a the substantial majority of CRS' work for a client and it requires substantial research and data entry. For example, to prepare the Initial Reimbursement Schedules for Genesis, CRS undertook the following work, among other things:

- Collected and organized driver data for the 406 employees including, but not limited to, name, address, estimated annual business mileage, email address, territory information.

- Built and programmed a customized computer database specific to Genesis Healthcare consistent with the parameters Genesis Healthcare provided with respect to its employee-drivers, which parameters included a choice of standard vehicle, insurance coverage in the drivers' home states, gas grade, projected business-use percentage for the standard vehicle, detailed program management instructions, and other miscellaneous management information.

- Calculated individual reimbursement rates for each employee-driver by collecting local public information specific to each driver, which information includes local drivers' license fees, local insurance rates, and local property tax.

- Configured unique identification log-ins and passwords for each individual employee-driver to enable each of them to log onto the CRS-Genesis Healthcare system to view all of their personal reimbursement components and to begin participating in the program.

- Created and configured administrator access for Genesis Healthcare to enable Genesis Healthcare to view and access all program information and to begin participating in administration of the program.

14. CRS sent Genesis its invoice. A true and correct copy is attached hereto at Tab C.

15. Genesis received CRS's invoice, and confirmed as such to CRS's sales representative, Jon Krause.

16. Genesis failed and refused to pay CRS's invoice despite demand therefore.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

16. CRS repeats and realleges the facts set forth above as if fully set forth herein.

17. The parties had a valid and enforceable contract, supported by consideration.

18. Genesis' failure and refusal to pay CRS's invoice constitutes a breach of contract, for which CRS has suffered damages in the amount of the contract; *i.e.*, $117,740.00.

### COUNT II
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

19. CRS repeats and realleges the facts set forth above as if fully set forth herein.

20. Genesis' failure and refusal to pay CRS's invoice constitutes a breach of the implied covenant of good faith and fair dealing, which is present in every contract.

21. CRS has suffered damages due to Genesis' breach in the amount of $117,740.00.

BOST_954271.1

WHEREFORE, CRS requests that judgment enter in its favor in the amount of $117,740.00 and that this court grant such other further and proper relief as may be necessary.

Respectfully submitted,

CORPORATE REIMBURSEMENT SERVICES, INC.

By its attorneys,

Jeffrey M. Rosin, BBO # 629216
FOLEY & LARDNER, LLP
111 Huntington Avenue
Boston, MA 02199
Ph: (617) 342-4000
Fax: (617) 342-4001

Dated: February 12, 2009